UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No.: 5:05-cv-771-H(3)



(Civil)

| | |
|---|---|
| SYLVIA MOORER, ADMINISTRATRIX OF THE ESTATE OF DONNIE GENE MOORER, ) ) ) ) | |
| Plaintiff, ) ) | **COMPLAINT** |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) ) | |

1. This action arises under the Federal Tort Claims Act, 28 U.S.C., § 1346(b), §§ 2671-80, as hereinafter more fully appears, and under 10 U.S.C. §§ 1071-79, and all of the acts and omissions of which Plaintiff complains occurred in this judicial district.

2. Donnie Gene Moorer died on September 15, 2004.

3. Plaintiff Sylvia Moorer is the widow of Donnie Gene Moorer and the duly appointed Administratrix of the Estate of Donnie Gene Moorer.

4. On September 15, 2004, Mr. Moorer was a former military member of the Armed Forces who had been released from active duty and as a military veteran, was entitled to medical care and treatment as provided in Title 38 of the United States Code.

5. On September 15, 2004, Mr. Moorer was a patient of the emergency department at the Fayetteville Veterans Administration Medical Center ("FVAMC").

6. While in the emergency department at FVAMC, Mr. Moorer was provided care and treatment by an employee of the Veterans Administration, Dr. David York, and by other health care providers, employees, agents and servants of the Veterans Administration.

7. While in the FVAMC's emergency department, Mr. Moorer complained of a several day history of dyspnea (difficulty breathing), chest tightness and cough.

8. An EKG performed on Mr. Moorer while he was at FVAMC's emergency department was abnormal.

9. Lab testing performed on Mr. Moorer while he was at FVAMC's emergency department revealed an elevated BNP of 241.

10. There is no documentation in FVAMC's emergency department records for Mr. Moorer that health care providers, including Dr. David York, examined Mr. Moorer's legs and such examination was not performed.

11. There is no documentation in FVAMC's emergency department records for Mr. Moorer that health care providers, including Dr. David York, assessed Mr. Moorer's heart sounds and such assessment was not performed.

12. Despite Mr. Moorer's signs and symptoms and abnormal studies and test results, including without limitation his abnormal EKG and elevated BNP, medical care providers at FVAMC, including Dr. York, did not have Mr. Moorer admitted for further evaluation, did not obtain a consultation for Mr. Moorer with other medical specialists who could have conducted a further evaluation of Mr. Moorer, and discharged Mr. Moorer from the emergency department.

13. On September 15, 2004, after being discharged and leaving FVAMC's emergency department, Mr. Moorer suffered cardiac arrest and collapsed.

14. The EMS was called, but attempts to revive Mr. Moorer were unsuccessful and he was pronounced dead at Cape Fear Valley Medical Center.

15. The cause of Mr. Moorer's death was pulmonary emboli.

16. The death of Donnie Gene Moorer would have been prevented if health care providers at FVAMC had timely referred Mr. Moorer for inpatient admission under the care of an internal medicine specialist or other specialist for further evaluation, testing and intervention, and which would have led to the diagnosis of pulmonary emboli and allowed for appropriate treatment that would have prevented Mr. Moorer's death.

17. The Defendant, through its agents, servants and employees at FVAMC, was negligent in doing or failing to do one or more of the following:

    a. Failure to appreciate the significance of, and to appropriately and timely respond to Mr. Moorer's abnormal studies and lab results including, without limitation, abnormal EKG and elevated BNP.

    b. Failure to conduct a thorough physical examination including, without limitation, failure to examine Mr. Moorer's legs and failure to listen to his heart.

    c. Failure to appreciate the significance of the history obtained from Mr. Moorer and the significance of Mr. Moorer's signs, symptoms and conditions and to timely and appropriately respond given Mr. Moorer's history, sign, symptoms and conditions.

    d. Failure to order appropriate tests, studies and lab work and to otherwise evaluate Mr. Moorer to rule out coronary syndrome and pulmonary emboli as a cause of his signs, symptoms and abnormal EKG and elevated BNP.

    e. Failure to obtain consultation with a specialist in internal medicine or other medical specialty.

    f. Failure to refer Mr. Moorer for inpatient admission for further evaluation and treatment under the care of a medical specialist in internal medicine or other medical specialty.

    g. Failure to properly diagnose, monitor and treat Mr. Moorer.

> h. Failure by health care providers at FVAMC to exercise best judgment, to possess the degree of professional skill, learning and ability possessed by others under similar circumstances and to act in accordance with the appropriate standard of practice and care for health care providers with the same or similar training and experience under similar conditions and circumstances in September 2004.

18. As a direct, proximate and factual result of the negligence of Defendant's employees, agents and servants, Donnie Gene Moorer wrongfully died on September 15, 2004 at the age of 45, thus depriving his family of support, society, companionship, guidance and advice, and causing Mr. Moorer pain, suffering and anguish prior to his death. The Plaintiff, Sylvia Moorer, has been damaged by incurring expenses for medical care and for the funeral and burial of Mr. Moorer and by loss of income, services, protection, society, companionship and other elements of damages for wrongful death as specified in N.C.G.S. § 28A-18-2.

19. To the extent Plaintiff is required to satisfy N.C.G.S. § 1A-1, Rule 9(j), North Carolina Rules of Civil Procedure, in order to state a claim under the Federal Tort Claim Act, then Plaintiff alleges that Rule 9(j) is unconstitutional under the Constitutions of the United States of America and of the State of North Carolina, generally, and specifically as it violates the open courts provision of the Constitution of North Carolina and the equal protection and due process clause of the State and Federal Constitutions, and Plaintiff is not required to comply with Rule 9(j).

20. Alternatively, and in the event that Plaintiff is required to comply with Rule 9(j), then Plaintiff states that the medical care which is the subject of this Complaint has been reviewed by physicians specializing in emergency medicine and in internal medicine and who, for the year preceding September, 2004, spent a majority of their professional time in the active clinical practice of their medical specialties, and who are familiar with the standard of care

applicable under the same or similar circumstances to Defendant's agents, employees, and servants, and who are willing to testify that medical care provided to Mr. Moorer at FVAMC did not comply with the applicable standard of care as more fully described elsewhere in this Complaint.

21. If Defendant were a private person, it would be liable to Plaintiff under the law of North Carolina for the wrongful death of Donnie Gene Moorer because of negligence and breach of the standard of care as set forth herein.

22. More than six (6) months before this action was instituted, the claim set forth herein were presented to the Fayetteville Veterans Administration Medical Center and was acknowledged as having been received by the Director of that facility. The Department of Veterans Affairs having failed to make a final disposition of the claim within six (6) months of receipt of the claim, Plaintiff deems such failure to be a denial thereof.

WHEREFORE, Plaintiff Sylvia Moorer, Administratrix of the Estate of Donnie Gene Moorer, demands judgment against Defendant:

    a. For compensatory damages in the amount of $5,000,000.00;

    b. For costs, interest and attorneys fees as by law allowed; and

    c. For such other and further relief as the Court deems appropriate.

This the 15th day of November, 2005

THE McLEOD LAW FIRM, P.A.

*[signature]*

Joe McLeod/William W. Aycock, Jr.
P.O. Box 1539
Fayetteville, NC 28302
Attorneys for Plaintiff
910-323-1425